UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA MALONE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:10CV02000 AGF |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Gina Malone to remand this case to state court. For the reasons set forth below, this motion shall be denied.

## BACKGROUND

Plaintiff filed this action in state court asserting a claim against Defendant, The Lincoln National Life Insurance Company, under state law for the allegedly wrongful refusal to pay her benefits as the beneficiary under a life insurance policy issued to decent Darren Simms. Defendant removed the action to this Court under 28 U.S.C. § 1441(b), which permits removal of any civil action over which federal district courts have original jurisdiction under 28 U.S.C. § 1331. Section 1331 provides, in turn, that federal district courts have original jurisdiction in all civil actions arising under laws of the United States. Defendants asserted that Plaintiff's claims arose under federal law because the insurance policy in question was governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"), and were completely preempted by that

statute.

In support of her motion to remand the case to state court, Plaintiff argues that her claim is based solely on state law.

## **DISCUSSION**

Under the complete preemption doctrine, a state law cause of action arises under federal law within the meaning of § 1331, and is thus removable to federal court, when "Congress has so preempted a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins., Inc, v. Taylor, 481 U.S. 58, 63-64 (1987). Section 502(a)(1)(B) of ERISA provides for actions "to recover benefits due . . . under the terms of [a] plan, [or] to enforce . . . rights under the terms of the plan." The Act contains its own preemption clause -- § 514(a) provides that ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan" (with the exception of state laws that regulate insurance).

In Aetna Health, Inc. v. Davila, 524 U.S. 200 (2004), the Supreme Court explained that under the "extraordinary pre-emptive power" of ERISA, "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy is pre-empted. . . . Hence, causes of action within the scope of . . . § 502(a) are removable to federal court." Id. at 206. The Court further explained that not only does ERISA's complete preemption confer federal jurisdiction, it also limits claims and remedies exclusively to those provided by section 502(a). Id.

One of the cases cited by Plaintiff, Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346 (11th Cir. 1998), fully supports the above conclusion. The other case cited by Plaintiff, Roark v. Humana, Inc., 307 F.3d 298 (5th Cir. 2002), was reversed by Davila.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand this case to state court is **DENIED**. [Doc. #12]

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2010.