UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GINA MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV02000 AGF |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant The Lincoln National Life Insurance Company ("Lincoln National") for summary judgment in this removal action brought by Plaintiff Gina Malone to collect benefits as the beneficiary under a life insurance policy issued to decedent Darren Simms. For the reasons set forth below, this motion shall be granted.

## BACKGROUND

Malone's employer maintains a group life insurance plan for its employees. The plan policy was issued by Lincoln National's predecessor-in-interest and is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). Sometime prior to 2007, Malone enrolled for Dependent Life Insurance under the plan, insuring the life of Simms, her then-spouse. The policy reads, in pertinent part, as follows: "If your Dependent spouse . . . dies while insured under the Policy, the Company will pay the amount of Dependents Life Insurance in effect on the date of the death." The policy defines a Dependent spouse as "a person who meets the definition of a dependent of

yours under the provisions of the U.S. Internal Revenue Code; and is your: . . . spouse who is not legally separated from you." The policy also provides that "Dependents Insurance for any spouse . . . will cease on the earliest of . . . (6) the date your spouse . . . ceases to be an eligible Dependent, as defined by this section." Lincoln National collected premiums for coverage under the plan by billing Malone's employer on a monthly basis for premiums due for all employees enrolled in the plan.

Simms and Malone were divorced in November 2007. Malone's employer paid Lincoln National $174 in premiums for Simms' dependent life insurance coverage after the divorce. Simms died on August 9, 2008. Thereafter, a claim was made on behalf of Malone for insurance benefits based on Simms' death. On March 24, 2010, Lincoln National denied the claim on the ground that Malone's entitlement to dependents life insurance coverage for Simms terminated when Malone and Simms divorced and, thus, such coverage was not in effect at the time of his death. Upon making this determination, Lincoln National refunded the above-noted $174 to Malone's employer. Lincoln National had the sole discretionary authority to determine eligibility and to administer claims in accord with its interpretation of policy provisions.

Malone filed this action in state court asserting a claim against Lincoln National under state law for wrongful refusal to pay her benefits. Lincoln National removed the action to this Court on the ground that the claim arises under ERISA. Lincoln National argues that it is entitled to summary judgment under the plain language of the policy in question. Malone argues that because she was never advised by Lincoln National that the insurance policy covering Simms was canceled, and because the Policy term "spouse who

2

is not legally separated from you" is vague and ambiguous, the policy language should be construed against Lincoln National.

## DISCUSSION

"[ERISA] permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, (2008). Where, as here, the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, an abuse-of-discretion standard applies to a court's review of the decision. *Id.* at 115. Under this standard, "'[w]hen a plan administrator offers a reasonable explanation for its decision, supported by substantial evidence, it should not be disturbed.'" *Ratliff v. Jefferson Pilot Fin. Ins. Co.*, 489 F.3d 343, 348 (8th Cir. 2007) (quoting *Fletcher–Merrit v. NorAm Energy Corp.*, 250 F.3d 1174, 1180–81 (8th Cir. 2001)). "The discretionary decision of a plan administrator is not unreasonable merely because a 'different, reasonable interpretation could have been made.'" *Id.* (quoting *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 773 (8th Cir. 2006)).

Where, as here, the entity that administers the plan both determines whether an employee is eligible for benefits and pays benefits out of its own pocket, a conflict of interest is created, and a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits, with the significance of the factor depending upon the circumstances of the particular case. *Glenn*, 554 U.S. at 117; *Atkins v. Prudential Ins. Co.,* 404 F. App'x 82, 85 (8th Cir. 2010). In the Eighth Circuit, "the common law rule of construction that ambiguous

language in an insurance policy is construed against the insurer has no place in the construction of an ERISA plan." *Bernards v. United of Omaha Life Ins. Co.*, 987 F.2d 486, 488 n.1 (8th Cir. 1993) (case involving deferential standard of review)**.**

Here, the Court concludes that Lincoln National's interpretation of the policy language in question was certainly reasonable. Under the plain language of the plan, Simms ceased to be a dependent spouse when he and Malone divorced. Thus the policy was no longer in effect when Simms died, and Malone was not entitled to dependent spouse life insurance benefits.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**. [Doc. #19]

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2011.